IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FREE ENTERPRISE FUND *et al.* ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE PUBLIC COMPANY ACCOUNTING ) <br> OVERSIGHT BOARD *et al.* ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:06-cv-00217-JR |

**PLAINTIFFS' MOTION TO STRIKE THE**
**UNITED STATES' STATEMENT OF INTEREST**

For the reasons set forth below, Plaintiffs respectfully move to strike the Statement of Interest filed by the United States on June 2, 2006.

At 4:30 p.m. on Friday, June 2 — one business day before Plaintiffs were scheduled to file their Opposition to Defendants' Motion to Dismiss and nearly three full weeks after the filing of that motion — the United States served on Plaintiffs' counsel a copy of a Statement of Interest, a 28-page memorandum of law setting forth arguments in support of dismissal of the Complaint. The timing of this filing is unexplained and inexplicable. The United States has known about this case for months and even participated in the parties' submission to the Court of alternative briefing schedules. It nevertheless delayed submitting its Statement until the eve of Plaintiffs' June 5 opposition, thereby preventing Plaintiffs as a practical matter from including in that opposition any response to the Statement. Because the United States has no legitimate excuse for its dilatory filing, and because permitting the late filing would prejudice Plaintiffs by

denying them an opportunity to respond in writing under the current briefing schedule, this Court should strike the Statement of Interest.

    1.    The United States' Statement of Interest is plainly untimely.  Because neither the Federal Rules of Civil Procedure nor the rules of this Court provide specific guidance on the timing of briefs submitted by the United States or other parties appearing as amicus curiae, it is appropriate to consult the Federal Rules of Appellate Procedure and the Rules of the Supreme Court, both of which do expressly address the matter.  *See Kitzmiller v. Dover Area Sch. Dist.*, No. 04CV2688, 2005 WL 2736500, at *1 (M.D. Pa. Oct. 24, 2005).  The Federal Rules of Appellate Procedure, for example, provide that "[a]n amicus curiae [including the United States] must file its brief . . . no later than 7 days after the principal brief of the party being supported is filed," Fed. R. App. P. 29(e), thus providing the opposing party sufficient time to include in its brief or reply brief a written response to the amicus brief, *see* Fed. R. App. P. 31(a)(1).  The Rules of the Supreme Court similarly guarantee an opportunity to respond by providing that "the [amicus] brief shall be submitted within the time allowed for filing the brief for the party supported."  S. Ct. R. 37(3)(a).  The clear lesson of these rules is that any amicus brief must be filed sufficiently in advance of the opposing party's final brief to permit that opposing party to incorporate into its final brief a response to the amicus brief.  Whatever the outer limits of such timing, a 28-page brief filed and served at 4:30 p.m. on the business day preceding the filing of the opposing party's final brief is hardly sufficient.

    2.    The United States has not even attempted to offer any excuse for filing its brief just one business day before Plaintiffs' brief was due.  Rather, the United States contents itself with the Delphic pronouncement that "[t]his filing is being made at the earliest practicable date following the Department of Justice's decision to make a submission."  Statement at 1 n.1.  This,

of course, says nothing and is always true. Surely the United States owes the Court and parties some explanation as to why the Justice Department delayed so egregiously in deciding whether to "make a submission."

Its silence is undoubtedly because there simply is no reasonable justification for the dilatory filing. The United States has long been aware of the existence of both this case and Defendants' jurisdictional motion. In fact, the United States even participated in, and voiced its views to the Court concerning, the parties' dispute over a briefing schedule. *See* Joint Scheduling Report at 4-5 ("The United States has authorized the Defendants to represent that the United States agrees generally with the Defendants' proposal to postpone briefing on the Act's constitutionality until the Court either decides, or decides to reserve decision on, any procedural and/or jurisdictional issues raised in the anticipated motion to dismiss.").

Moreover, given the unparalleled resources of the Department of Justice, the United States can hardly contend that it lacked the ability to file a timely brief. Surely the United States ought to be held to the same filing standards to which it seeks to hold *pro se* criminal defendants and prisoners. Indeed, the United States' attempt to file so extraordinarily late, without even a token effort at explaining its inexcusable delay, reflects only a brazen assumption that it is immune from the rules that govern all other litigants in the civil process. The United States' complete contempt for this Court's briefing schedule suggests, moreover, that it has no real interest in this case or these jurisdictional issues.

3. Plaintiffs will plainly suffer prejudice if the Court were to consider the untimely Statement of Interest. Courts routinely hold that prejudice follows from the lack of an opportunity to respond to belatedly raised arguments. *See McBride v. Merrell Dow & Pharm., Inc.*, 800 F.2d 1208, 1211 (D.C. Cir. 1986) ("[c]onsidering an argument advanced for the first

time in a reply brief . . . is . . . unfair"); *Mishler v. Clift*, 191 F.3d 998, 1009 n.8 (9th Cir. 1999) ("[w]hile the issue presents a pure question of law, the [defendants] would be prejudiced by its consideration because they had no opportunity to respond to [the plaintiff's] argument, which was made in his reply brief"). Here, in accordance with the schedule ordered by the Court, Plaintiffs filed their opposition to Defendants' motion to dismiss on June 5, 2006. Plaintiffs did not, as a practical matter, have sufficient time to incorporate into that opposition a response to the Statement of Interest filed and served at the close of the preceding business day. Nor, under the current briefing schedule, will Plaintiffs be permitted to file another brief. Accordingly, unless the Court grants the requested relief, Plaintiffs will be prejudiced by the Court's consideration of arguments to which Plaintiffs have no opportunity to respond in writing.

In sum, the Court should strike the United States' Statement of Interest because "it is only fair to require . . . compl[iance] with" the applicable rules of procedure. *Cobell v. Norton*, 213 F.R.D. 42, 42 (D.D.C. 2003) (striking party's filing as untimely). If, however, the Court decides to consider the United States' belated filing, then it should permit Plaintiffs to file a response to that brief within a reasonable time frame. *See id.* (noting that if court were to permit untimely filing, "it would be necessary for the Court to permit defendants to file an opposition brief in response"); *Eby-Brown Co. LLC v. Wis. Dep't of Agric.*, No. 00-C-0718-C, 2001 WL 1913622, at *1 (W.D. Wis. Oct. 24, 2001).

Pursuant to Local Civil Rule 7(m), prior to filing this motion, Plaintiffs' counsel conferred with counsel for Defendants and counsel for the United States. Defendants and the United States oppose the motion to strike.

A proposed order is attached.

| | |
|---|---|
| Dated:  June 6, 2006 | Respectfully submitted, |

  /s/
Michael A. Carvin (D.C. Bar No. 366784)
Noel J. Francisco (D.C. Bar No. 464752)
Christian G. Vergonis (D.C. Bar No. 483293)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
(202) 879-3939
(202) 626-1700 (fax)

Kenneth W. Starr (D.C. Bar No. 273425)
24569 Via De Casa
Malibu, CA 90265
(310) 506-4621

Viet D. Dinh (D.C. Bar No. 456608)
Wendy Keefer
BANCROFT ASSOCIATES PLLC
601 13th St., N.W.
Suite No. 930 South
Washington, D.C. 20005
(202) 234-0090
(202) 234-2806 (fax)

Sam Kazman (D.C. Bar No. 946376)
Hans Bader (D.C. Bar No. 466545)
COMPETITIVE ENTERPRISE INSTITUTE
1001 Connecticut Avenue, N.W.
Suite 1250
Washington, D.C. 20036
(202) 331-1010 (fax)

*Attorneys for Plaintiffs Free Enterprise Fund and Beckstead and Watts, LLP*