IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREE ENTERPRISE FUND, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. A. No. 06-217 (JR) |
| ) | |
| THE PUBLIC COMPANY ACCOUNTING ) | |
| OVERSIGHT BOARD, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPPOSITION OF THE UNITED STATES TO PLAINTIFFS'
MOTION TO STRIKE ITS STATEMENT OF INTEREST**

The United States hereby responds to plaintiffs' motion (dkt. no. 21) to strike its Statement of Interest. The Statement of Interest (dkt. no. 19) was properly filed pursuant to statutory authority. 28 U.S.C. § 517.[1]  As the United States previously made clear (see Statement of Interest at 1 n.1), it has no objection to plaintiffs being afforded a reasonable opportunity to respond to it, which appears to be what plaintiffs ultimately seek. To avoid surprise and minimize disruption, government counsel notified the parties one week in advance of the anticipated filing and described its general contents. This notification gave plaintiffs more than ample opportunity to consider seeking a modest adjustment of the briefing schedule if they wished to respond to the statement of interest within their opposition to defendants' motion to dismiss. Plaintiffs' motion is devoid of any authority establishing specific time constraints applicable to a statement of interest by the United States, let alone authority for the drastic

---

[1] See Booth v. Fletcher, 101 F.2d 676, 681 (D.C. Cir. 1938) (construing predecessor statute to "give [the Attorney General] broad, general powers to safeguard the interests of the United States in any case, and in any court of the United States, whenever in his opinion those interests may be jeopardized").

measure of striking such a filing. Plaintiffs cite to no instance in which a statement of interest of the United States has ever been stricken for any reason. Moreover, plaintiffs fail to identify any prejudice if they are simply permitted to respond, consistent with the United States' previous suggestion. Nor could they demonstrate any prejudice from a slight delay in the briefing schedule. Thus, the motion is little more than an exercise in rhetoric and should be denied.

Dated: June 8, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

SUSAN K. RUDY
Assistant Director
Federal Programs Branch

   /s/ Robert J. Katerberg
ROBERT J. KATERBERG (D.C. Bar No. 466325)
MARC A. PEREZ
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
<u>Mailing Address</u>
P.O. Box 883
Washington, DC 20044
<u>Delivery Address</u>
20 Massachusetts Avenue, N.W., Room 6112
Washington, D.C. 20001
Telephone:    (202) 616-8298
Facsimile:    (202) 616-8460
Robert.Katerberg@usdoj.gov

Attorneys for the United States