IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
FREE ENTERPRISE FUND *et al.*,      )
                                    )
                Plaintiffs,         )
                                    )
        v.                          )   Case No. 1:06CV00217-JR
                                    )
THE PUBLIC COMPANY ACCOUNTING       )
OVERSIGHT BOARD *et al.*,           )
                                    )
                Defendants.         )
_____)

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Viet D. Dinh (D.C. Bar No. 456608)
Wendy Keefer
BANCROFT ASSOCIATES PLLC
601 13th Street, N.W.
Suite No. 930 South
Washington, D.C. 20005
(202) 234-0090
(202) 234-2806 (fax)

Sam Kazman (D.C. Bar No. 946376)
Hans Bader (D.C. Bar No. 466545)
COMPETITIVE ENTERPRISE INSTITUTE
1001 Connecticut Avenue, N.W.
Suite 1250
Washington, D.C. 20036
(202) 331-1010 (fax)

Michael A. Carvin (D.C. Bar No. 366784)
Noel J. Francisco (D.C. Bar No. 464752)
Christian G. Vergonis (D.C. Bar No. 483293)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
(202) 879-3939
(202) 626-1700 (fax)

Kenneth W. Starr (D.C. Bar No. 273425)
24569 Via De Casa
Malibu, CA 90265
(310) 506-4621

*Attorneys for Plaintiffs Free Enterprise Fund
and Beckstead and Watts, LLP*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and LCvR 56.1 of the Rules of the United States District Court for the District of Columbia, Plaintiffs submit the following statement of material facts about which there is no genuine issue or dispute:

1. In reaction to highly publicized accounting scandals involving Enron and other public companies, Congress enacted the Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745 (codified at 15 U.S.C. §§ 7201 *et seq.*) ("SOX" or "Act"), to "oversee the audit of public companies that are subject to the securities laws." SOX § 101(a), 15 U.S.C. § 7211(a).

2. Title I of the Act subjects accounting firms that audit public companies to the regulatory authority of a new organization, the Public Company Accounting Oversight Board ("PCAOB" or "Board"). The Act delegates to the PCAOB various regulatory and enforcement powers as set forth in the respective provisions of the Act, including the power to promulgate auditing, quality control and independence standards and rules (SOX § 103), the power to conduct inspections of registered public accounting firms (SOX § 104), the power to conduct investigations and disciplinary proceedings (SOX § 105), and the power to set its own budget and provide for its own funding through an accounting support fee levied on public companies (SOX § 109).

3. Following the passage of the Act, and pursuant thereto, the Securities and Exchange Commission has, by majority vote of its Commissioners, appointed each Member of the PCAOB.

4. Pursuant to the authority granted to it under the Act, the PCAOB has (i) registered more than 1,500 accounting firms, (ii) enacted a series of rules that include auditing standards with which registered firms must comply in their audits of public companies; (iii) conducted inspections and/or investigations of hundreds of registered firms; (iv) set its own budget,

including 2003 salaries of $556,000 for its Chairman and $452,000 for each of its other members; and (v) levied accounting support fees on over 10,000 public companies.

5.  Plaintiff Beckstead and Watts, LLP is an accounting firm located in Henderson, Nevada, and engaged in the business of auditing public companies and issuing audit reports. Beckstead and Watts is registered with the Board pursuant to Section 102 of the Act. As a registered firm, Beckstead and Watts is required to comply with the PCAOB's rules, including its auditing standards, and to submit to the PCAOB's inspections and investigations.

6.  In 2004, the PCAOB conducted an inspection of Beckstead and Watts. In an inspection report provided to Beckstead and Watts, the PCAOB's inspectors identified numerous auditing deficiencies with respect to Beckstead and Watts's audits of its clients. The PCAOB subsequently posted a redacted copy of its inspection report on its website.

7.  Plaintiff Free Enterprise Fund ("FEF") is a non-profit public-interest organization under Section 501(c)(4) of the Internal Revenue Code with offices in the District of Columbia. FEF promotes economic growth, lower taxes, and limited government through television and radio issue advertising campaigns, providing timely and tactical policy guidance to members of Congress and publishing strategic game plans on vital economic and fiscal issues.

8.  In bringing this lawsuit, FEF seeks to vindicate the interests of its members, who are subject to the Board's authority and have been injured by the regulations imposed by the Board. Specifically, FEF counts among its members (i) public companies that are required to pay, and have paid, the accounting support fee levied by the PCAOB and (ii) public-company auditors that are required to comply with the PCAOB's rules, including its auditing standards, and to submit to the PCAOB's inspections and investigations.

- 3 -

Dated:  July 25, 2006  Respectfully submitted,

  /s/
Viet D. Dinh (D.C. Bar No. 456608)  Michael A. Carvin (D.C. Bar No. 366784)
Wendy Keefer  Noel J. Francisco (D.C. Bar No. 464752)
BANCROFT ASSOCIATES PLLC  Christian G. Vergonis (D.C. Bar No. 483293)
601 13th St., N.W.  JONES DAY
Suite No. 930 South  51 Louisiana Avenue, N.W.
Washington, D.C. 20005  Washington, D.C.  20001-2113
(202) 234-0090  (202) 879-3939
(202) 234-2806 (fax)  (202) 626-1700 (fax)

Sam Kazman (D.C. Bar No. 946376)  Kenneth W. Starr (D.C. Bar No. 273425)
Hans Bader (D.C. Bar No. 466545)  24569 Via De Casa
Competitive Enterprise Institute  Malibu, CA 90265
1001 Connecticut Avenue, N.W.  (310) 506-4621
Suite 1250
Washington, D.C. 20036  *Attorneys for Plaintiffs Free Enterprise Fund*
(202) 331-1010 (fax)  *and Beckstead and Watts, LLP*