IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREE ENTERPRISE FUND, et al. ) | |
| ) | Civil Action No. 1:06CV00217 |
| Plaintiffs, ) | Judge Robertson |
| ) | |
| v. ) | |
| ) | |
| THE PUBLIC COMPANY ACCOUNTING ) | |
| OVERSIGHT BOARD, et al., ) | |
| ) | |
| Defendants. ) | |

## JOINT SCHEDULING REPORT

Pursuant to Fed. R. Civ. P. 16(b) and 26(f), and Local Rule 16.3(d), the parties jointly submit the following Report and Request for a Scheduling Conference in this matter.

1. <u>Nature of the Case</u>: This case concerns the constitutionality of Title I of the Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745, which established the Public Company Accounting Oversight Board. Plaintiffs claim that the establishment and assignment of duties to the Board (i) violate constitutional separation of powers; (ii) violate the Appointments Clause; and (iii) unconstitutionally delegate legislative powers. Plaintiffs have sued the Board (and its members, in their official capacities), seeking declaratory and injunctive relief.

2. <u>Meet and Confer</u>: The parties represent that they met through counsel on March 13 and March 20, 2006, to consider the claims, defenses, and possibilities of a prompt settlement or resolution of the case, to arrange for the disclosures required by Rule 26(a)(1), to develop a discovery plan, and to consider additional matters as directed by Local Rule 16.3(c). The parties

were unable to fully agree on a scheduling proposal. The parties submit this Report detailing their discussions, and are available for a scheduling conference if the Court so chooses.

    3.    <u>The parties agree on the following points</u>:

        (1)    That the case is likely to be resolved on dispositive motions—on a Motion to Dismiss or on Cross Motions for Summary Judgment—which have not yet been filed;

        (2)    That the case should not be assigned to a magistrate judge for any purposes, including trial;

        (3)    That no additional parties need be joined, unless the United States chooses to intervene (as discussed below);

        (4)    That there is no realistic possibility of settlement;

        (5)    That there would be no benefit from alternative dispute resolution procedures;

        (6)    That no trial date or pretrial conference date need be set, in view of the case's likely resolution on dispositive motions; and

        (7)    That the parties currently anticipate no need for discovery, and stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a).

    4.    <u>The parties are unable to agree to a proposed scheduling plan</u>. Defendants anticipate raising certain jurisdictional and procedural defenses (*e.g.*, failure to utilize an exclusive statutory mechanism for judicial review; lack of ripeness; lack of standing; absence of a cause of action) that are independent from the merits of Plaintiffs' substantive claims. The parties agree that the procedural and jurisdictional issues should be raised in a Motion to Dismiss, and that the constitutional challenges to Title I of the Sarbanes-Oxley Act should be resolved by Motions for Summary Judgment. They have not agreed, however, on a briefing

2

schedule for those motions. Accordingly, separate proposals are set forth below, and statements supporting each proposal are appended to this Report.

a. <u>Plaintiffs' Proposed Scheduling Plan</u>: Plaintiffs propose briefing the jurisdictional and related issues on Defendants' motion to dismiss, and the merits of the constitutional challenge on Cross Motions for Summary Judgment. They propose that briefing on the Cross Motions for Summary Judgment not await the Court's decision on the Motion to Dismiss. Plaintiffs would leave it to the Court's discretion whether to schedule argument on the procedural and merits motions at the same or at different times. To that end, Plaintiffs propose the following schedule:

| | |
|---|---|
| May 15, 2006 | Defendants file Motion to Dismiss; |
| June 5, 2006 | Plaintiffs file Response; |
| June 19, 2006 | Defendants file Reply; |
| June 20, 2006 | Plaintiffs file Motion for Summary Judgment; |
| July 20, 2006 | Defendants file Opposition to Plaintiffs' Motion, and file Defendants' Cross-Motion for Summary Judgment; |
| Aug. 3, 2006 | Plaintiffs file Reply in Support of Motion for Summary Judgment and Opposition to Defendants' Motion. |

b. <u>Defendants' Proposed Scheduling Plan</u>: Defendants propose that Motions for Summary Judgment should not be filed until the Court either decides the Motion to Dismiss (which could resolve the case) or informs the parties of its intent to reserve decision on that motion until a later stage. Should a decision on the substantive issues become necessary, Defendants currently believe that resolution of those claims may require limited factual support in the form of affidavits attached to Motions for Summary Judgment. In addition, Defendants request that they be permitted to submit a Reply Brief in favor of their cross-motion for summary

3

judgment after the Plaintiffs submit their Opposition to the cross-motion. Finally, Defendants request oral argument on each motion. To that end, Defendants propose the following schedule:

### Briefing on Preliminary Procedural and Jurisdictional Matters

| | |
|---|---|
| May 15, 2006 | Defendants file Motion to Dismiss; |
| June 5, 2006 | Plaintiffs file Response; |
| June 19, 2006 | Defendants file Reply; |
| [Date selected by the Court] | Argument on Motion. |

### Cross-Motions for Summary Judgment on the Merits
### (if Court denies Motion to Dismiss)

| | |
|---|---|
| 10 days following notification of Court's decision on Motion to Dismiss | Defendants file Answer; |
| 30 days following Court's decision on Motion to Dismiss | Plaintiffs file Motion for Summary Judgment; |
| 30 days later | Defendants file Cross-Motion for Summary Judgment, and Opposition to Plaintiffs' Motion; |
| 14 days later | Plaintiffs file Reply in Support of Motion for Summary Judgment and Opposition to Defendants' Motion; |
| 14 days later | Defendants file Reply in Support of Cross-Motion for Summary Judgment; |
| [Date selected by the Court] | Argument on Motions. |

5.  <u>The position of the United States</u>: The United States is considering whether to intervene or otherwise participate in this case, in which Plaintiffs urge that an Act of Congress is unconstitutional. The United States has authorized the Defendants to represent that the United States agrees generally with the Defendants' proposal to postpone briefing on the Act's

4

constitutionality until the Court either decides, or decides to reserve decision on, any procedural and/or jurisdictional issues raised in the anticipated motion to dismiss.

DATED: April 5, 2006                                                    Respectfully submitted,

| | |
|---|---|
| /s/ Michael Carvin | /s/ Joe Caldwell |
| Michael A. Carvin (D.C. Bar No. 366784) | Joe Robert Caldwell, Jr. (D.C. Bar No. 965137) |
| Noel J. Francisco (D.C. Bar No. 464752) | James R. Doty (D.C. Bar No. 416785) |
| Christian G. Vergonis (D.C. Bar No. 483293) | Jeffrey A. Lamken (D.C. Bar No. 440547) |
| JONES DAY | Joshua A. Klein (D.C. Bar No. 489078) |
| 51 Louisiana Avenue, N.W. | BAKER BOTTS, LLP |
| Washington, D.C. 20001 | 1299 Pennsylvania Avenue, N.W. |
| (202)879-7643 (telephone) | Washington, D.C. 20004-2400 |
| (202)626-1700 (facsimile) | (202) 639-7700 (telephone) |
| | (202) 639-7890 (facsimile) |
| Kenneth W. Starr (D.C. Bar No. 273425) | |
| 24569 Via De Casa | Heidi E. Murdy (D.C. Bar No. 474680) |
| Malibu, CA 90265 | PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD |
| Viet D. Dinh (D.C. Bar No. 456608) | 1666 K Street, N.W. |
| Wendy Keefer | Washington, D.C. 20006 |
| Bancroft Associates PLLC | (202) 207-9162 (telephone) |
| 601 13th St., N.W. | |
| Suite 930 South | *Counsel for Defendants* |
| Washington, D.C. 20005 | |
| (202) 234-0090 (telephone) | |
| (202) 234-2806 (facsimile) | |
| | |
| Sam Kazman (D.C. Bar No. 946376) | |
| Hans Bader (D.C. Bar No. 466545) | |
| Competitive Enterprise Institute | |
| 1001 Connecticut Ave., N.W. | |
| Suite 1250 | |
| Washington, D.C. 20036 | |
| (202) 331-1010 | |

*Counsel for Plaintiffs*

5

<u>Plaintiffs' Proposed Order</u>

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREE ENTERPRISE FUND, et al. | |
| | Civil Action No. 1:06CV00217 |
| Plaintiffs, | Judge Robertson |
| v. | |
| THE PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD, et al., | |
| Defendants. | |

## **SCHEDULING ORDER**

| | |
|---|---|
| May 15, 2006 | Defendants file Motion to Dismiss; |
| June 5, 2006 | Plaintiffs file Response; |
| June 19, 2006 | Defendants file Reply; |
| June 20, 2006 | Plaintiffs file Motion for Summary Judgment; |
| July 20, 2006 | Defendants file Opposition to Plaintiffs' Motion, and file Defendants' Cross-Motion for Summary Judgment; |
| Aug. 3, 2006 | Plaintiffs file Reply in Support of Motion for Summary Judgment and Opposition to Defendants' Motion. |

Arguments on motions to be scheduled at the Court's discretion.

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Defendants' Proposed Order

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
FREE ENTERPRISE FUND, et al.        )
                                    )   Civil Action No. 1:06CV00217
                                    )
        Plaintiffs,                 )   Judge Robertson
                                    )
        v.                          )
                                    )
THE PUBLIC COMPANY ACCOUNTING       )
OVERSIGHT BOARD, et al.,            )
                                    )
        Defendants.                 )
_____)

## SCHEDULING ORDER

### Briefing on Preliminary Procedural and Jurisdictional Matters

| | |
|---|---|
| May 15, 2006 | Defendants file Motion to Dismiss; |
| June 5, 2006 | Plaintiffs file Response; |
| June 19, 2006 | Defendants file Reply; |
| [Date selected by the Court] | Argument on Motion. |

### Cross-Motions for Summary Judgment on the Merits
### (if Court denies Motion to Dismiss)

| | |
|---|---|
| 10 days following notification of Court's decision on Motion to Dismiss | Defendants file Answer; |
| 30 days following Court's decision on Motion to Dismiss | Plaintiffs file Motion for Summary Judgment; |
| 30 days later | Defendants file Cross-Motion for Summary Judgment, and Opposition to Plaintiffs' Motion; |

| | |
|---|---|
| 14 days later | Plaintiffs file Reply in Support of Motion for Summary Judgment and Opposition to Defendants' Motion; |
| 14 days later | Defendants file Reply in Support of Cross-Motion for Summary Judgment; |
| [Date selected by the Court] | Argument on Motions. |

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

# CERTIFICATE OF SERVICE

      I hereby certify that I caused a true and correct copy of the Joint Scheduling Report and Request for a Scheduling Conference to be served by overnight mail and facsimile on this 5th day of April, upon the following:

**Michael A. Carvin**
**Christian G. Vergonis**
JONES & DAY
51 Louisiana Avenue, NW
Washington, DC 20001
(202) 879-7643
(202) 626-1700 (fax)

**Heidi E. Murdy**
PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD
1666 K Street, N.W.
Washington, DC 20006
(202) 207-9162

**Joe Robert Caldwell, Jr.**
**Stephen L. Braga**
BAKER BOTTS, L.L.P
The Warner Building
1299 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 639-7788
(202) 585-1074 (fax)

                            Name:  /s/  Jeffrey A. Lamken

## PLAINTIFFS' STATEMENT IN SUPPORT
## OF THEIR PROPOSED SCHEDULING PLAN

As set forth in the Joint Scheduling Report, the parties have reached agreement on several matters relevant to the scheduling and disposition of this case, including on the proposition that this case can be resolved, without the need for fact discovery, on cross-motions for summary judgment. The parties have been unable to agree, however, on the *timing* of the merits briefing in connection with those cross-motions for summary judgment.

In a substantial concession, Plaintiffs have agreed to defer merits briefing until after the completion of briefing on Defendants' anticipated jurisdictional motion, rather than insisting upon the normal course of combining such briefing, to allow Defendants more time to prepare their defense. Thus, Plaintiffs have proposed to begin merits briefing immediately after briefing on the jurisdictional issues is completed. *See* Joint Scheduling Report ¶ 4(a). Defendants, however, wish to defer all briefing of the merits of Plaintiffs' claims until after this Court has *resolved* their jurisdictional motion.

There is no justification for deferring merits briefing until after the Court has ruled on Defendants' jurisdictional objections. Even with respect to stays of *discovery*, "bare assertions that discovery will be unduly burdensome or that it should be stayed pending dispositive motions that will probably be sustained, are insufficient to justify the entry of an order staying discovery generally." *People With AIDS Health Group v. Burroughs Wellcome Co.*, No. 91-0574, 1991 WL 221179, at *1 (D.D.C. Oct. 11, 1991) (internal quotation marks omitted). Rather, the burden is on the party seeking to delay the proceedings to show that the need for a stay outweighs the prejudice caused by one. *Id.* Where, as here, the parties have agreed that fact discovery is unnecessary and the defendants seek only to defer *briefing* on the merits of claims capable of being resolved as a matter of law, a stay is particularly inappropriate for several reasons.

*First*, while discovery typically imposes significant costs and burdens on the parties, similar concerns are not implicated by the relatively "minor" burdens of an additional round of merits briefing. *Bell Atl.-Del., Inc. v. Global NAPS South, Inc.*, 77 F. Supp. 2d 492, 497 (D. Del. 1999). Indeed, unlike fact discovery, which would require the searching of files and the giving of testimony, allowing merits briefing to occur while the jurisdictional motion is pending will impose no burdens at all on Defendants' ongoing operations. It will merely require outside counsel to engage in legal research and writing.

*Second*, the Federal Rules of Civil Procedure do not contemplate delaying the resolution of purely legal arguments. Those rules make clear that a plaintiff is entitled to file a motion for summary judgment at any time after the expiration of 20 days from the commencement of the lawsuit. *See* Fed. R. Civ. P. 56(a). While a court may deny or defer a ruling upon such motion if additional discovery is needed, *see* Fed. R. Civ. P. 56(f), that is not the case, where, as here, the parties have agreed that discovery is unnecessary to resolve Plaintiffs' purely legal challenge to the constitutionality of the Act. Indeed, it is routine throughout the federal judiciary for purely legal jurisdictional and merits issues to be briefed and argued at the same time, as where jurisdictional defenses are joined in a single Rule 12(b) motion with an argument that the complaint fails to state a claim upon which relief can be granted.

*Third*, there is simply no reason to prejudice Plaintiffs, who are suffering ongoing harm as a result of Defendants' conduct, by delaying the resolution of this case. *See Lowinger v. Johnston*, No. 3:05CV316-C, 2005 WL 3557401, at *3 (W.D.N.C. Dec. 27, 2005) (denying motion to stay briefing on defendants' motion to dismiss pending decision on plaintiffs' motion to remand to state court because "staying briefing . . . will result only in further unnecessary delay").

*Fourth*, the submission of briefs and argument on the merits of Plaintiffs' constitutional claims may assist the Court in deciding the jurisdictional issues, especially because likely jurisdictional defenses such as failure to utilize an allegedly exclusive statutory mechanism for judicial review (*see* Joint Scheduling Report ¶ 3) will require careful consideration of the precise nature of Plaintiffs' claims. *See, e.g.*, *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 212 (1994) (noting that jurisdictional defense turned on "whether [plaintiff]'s claims are of the type Congress intended to be reviewed within the statutory structure"). As one district court stated in similarly refusing to stay merits briefing pending resolution of a jurisdictional defense, "[h]aving the parties submit briefing on the merits is a minor burden . . . that permits the court to come to a sound result on" the jurisdictional defense. *Bell Atl.-Del.*, 77 F. Supp. 2d at 497; *see also Tele-Port, Inc. v. Ameritech Mobile Comm'ns, Inc.*, 49 F. Supp. 2d 1089, 1090 n.1 (E.D.Wis. 1999).

Accordingly, there is simply no reason to defer briefing on the merits of Plaintiffs' claims until after resolution of the jurisdictional defenses, and good reasons not to do so.[1] Plaintiffs therefore request that the Court enter a schedule in which (i) Plaintiffs' brief in support of their motion for summary judgment is due on June 19, (ii) Defendants' brief in opposition to Plaintiffs' motion for summary judgment and in support of Defendants' cross-motion for summary judgment is due on July 20, and (iii) Plaintiffs' reply brief is due on August 3.[2]

---

[1] Given that the United States has not yet decided whether to intervene or otherwise participate in this lawsuit, its statement that it "agrees generally" with Defendants' proposal to postpone briefing is gratuitous and premature. Particularly because the United States offers no justification for a delay, its views on this matter should not be accorded any weight.

[2] The parties disagree over whether Defendants should be afforded the opportunity to file a second brief in connection with the summary judgment motions. While allowing four briefs between the two parties is not unreasonable, it is unnecessary here. The issues raised in the parties' cross-motions for summary judgment will be identical, and Defendants therefore will have a full and fair opportunity to address all of Plaintiffs' arguments in Defendants' combined opposition and cross-motion. Thus, rather than allow Defendants to file what is, in effect, a surreply, the Court should follow the typical course of permitting the parties challenging the constitutionality of the statute to file an opening brief and a reply brief and the parties defending the statute to file a single opposition. *See Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001) ("[s]urreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored").

# DEFENDANTS' STATEMENT IN SUPPORT OF
# THEIR PROPOSED BRIEFING SCHEDULE

Defendants propose that the Court be given the opportunity to decide threshold jurisdictional issues on a motion to dismiss before the parties are put to the burden and expense of briefing complex constitutional issues on cross-motions for summary judgment. In the interest of judicial economy, courts often defer or stay summary judgment briefing until after ruling on threshold questions. *See, e.g.*, *Means v. Cullen*, No. 02-C-0695-C, 2003 WL 23100259, at *1 (W.D. Wis. July 25, 2003) (staying briefing on summary judgment because "it will be helpful to the parties to know the resolution of [the defendant's] motion to dismiss . . . for plaintiff's failure to exhaust his administrative remedies."); *Ramirez v. Meli*, No. 04-C-0786-C, 2005 WL 984365, at *1 (W.D. Wis. Apr. 27, 2005) (merits briefing stayed pending exhaustion ruling); *LPR, SRL v. Challenger Overseas, LLC*, No. 99-CIV-88832000, 2000 WL 973748, at *5 & n.2 (S.D.N.Y. July 13, 2000) (merits briefing stayed pending ruling on forum selection clause). Frequently, parties in this jurisdiction simply agree to delay summary judgment briefing until threshold issues have been resolved, in order to avoid the expense and burden of briefing issues that may turn out to be moot. *See, e.g.*, *Delano v. Roche*, 391 F. Supp. 2d 79, 82 n.1 (D.D.C. 2005); *In re Vitamins Antitrust Litig.*, 94 F. Supp. 2d 26, 27 n.2 (D.D.C. 2000).

In this case, Defendants' motion to dismiss will argue (among other things) that Plaintiffs have brought suit by means other than the exclusive method of review set forth by statute, that the claims are unripe, and that standing is lacking. The Court's decision on these matters may obviate the need to decide or brief any substantive constitutional issues. Requiring the parties to begin merits briefing before decision on the motion to dismiss would force both sides to undertake what could therefore be a wholly wasted effort. *See* Fed. R. Civ. P. 1 (Rules shall be "administered to secure the just, speedy, and *inexpensive* determination of every action")

(emphasis added). In the analogous discovery context, "[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Anderson v. United States Attorneys Office,* No. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992) (Oberdorfer, J.).[1] Deferring briefing of the complex statutory and constitutional issues in this case also provides the Court with flexibility. If the Court at some later point determines that it would be appropriate to have briefing on the merits while it has the motion to dismiss under consideration, it can at that time order the merits briefing to commence.

Moreover, a slight postponement in summary judgment briefing will allow the parties (and any *amici curiae*) to better aid the Court in deciding the case. Even if the Court's jurisdictional and exhaustion rulings do not wholly dispose of the case, they could narrow the range of issues to be decided on summary judgment. The Court would be better served by focused argument on the precise issues remaining after its ruling on the motion to dismiss. In addition, the Court may benefit from the views of selected *amici curiae*, whose briefs ought not to be due until it is clear that the constitutionality of the Sarbanes-Oxley Act will be actually at issue. Likewise, the United States may intervene or otherwise participate in this case. It too agrees generally with the Defendants' proposal to postpone briefing on the Act's constitutionality until after the Court's ruling on the anticipated motion to dismiss.

---

[1] *See also Institut Pasteur v. Chiron Corp.,* 315 F. Supp. 2d 33, 37 (D.D.C. 2004) (same); *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt Assistance Auth.,* 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'"); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (noting not only that such stays "are granted with substantial frequency," but also that certain Courts of Appeal have advised of the need for such stays and that some District Courts require them by rule).

Even under Plaintiffs' proposal, briefing on the merits would not conclude until August 3. Defendants' proposal would not push resolution too far beyond that date. There is no reason to expect that this Court will resolve Defendants' motion to dismiss with anything less than customary diligence. If, however, it becomes clear that the Court is encountering an unexpected delay in ruling on dismissal, then the Court at that time may order summary judgment briefing to proceed.

The only other significant difference between Plaintiffs' and Defendants' proposals is that, with respect to the parties' cross-motions for summary judgment, Plaintiffs' proposal affords Plaintiffs two briefs (a motion and a reply) but Defendants only one (a combined opposition and cross-motion). The ordinary practice is to allow every movant a reply, not merely the party that happens to move first. *See* LCvR. 7(d) (allowing moving parties' reply memoranda for all motions, after service of the other side's memorandum in opposition); *Candy v. Erbe Elektromedizin GmbH,* 307 F. Supp. 2d 2, 11 (D.D.C. 2004) (describing the "normal chain of briefing—*i.e.*, motion, opposition, and reply"). The same practice is ordinarily followed on cross-motions—including where both sides agree that the case should be resolved on summary judgment, with no disputed issues of material fact. *See, e.g., Pierce Assoc., Inc. v. St. Paul Mercury Ins. Co.*, --- F. Supp. 2d ---, 2006 WL 595501, at *1 n.1, *3 (D.D.C. Mar. 13, 2006).[2] If only one party is to have two briefs on the cross-motions, there is no logical reason why Plaintiffs should file first and last rather than Defendants. Given that both parties have an equal claim to being a movant, both should be permitted to file a motion and reply.

---

[2] *See also, e.g., FightTheFence.org v. U.S. Dept. of Commerce*, No. 04-CV-01907, 2006 WL 650178, at *1 (D. Colo. Mar. 14, 2006) (noting the parties' "respective replies" to each others' oppositions); *NextG Networks of N.Y., Inc. v. City of New York*, 2006 WL 538189, at *1 & n.4 (S.D.N.Y. Mar. 6, 2006).