IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FREE ENTERPRISE FUND *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Case No. 1:06CV00217-JR |
| THE PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**MOTION OF THE WASHINGTON LEGAL FOUNDATION
FOR LEAVE TO FILE MEMORANDUM AS AMICUS CURIAE
IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Daniel J. Popeo (DC Bar 934711)
Paul D. Kamenar (DC Bar 914200)
Washington Legal Foundation
2009 Massachusetts Avenue, NW
Washington, DC  20036
TEL: 202.588.0302
FAX: 202.588.0386

Kathryn Comerford Todd (DC Bar 477745)
    (*Counsel of Record*)
Thomas R. McCarthy (DC Bar 489651)
William S. Consovoy (DC Bar 493423)
Wiley Rein & Fielding LLP
1776 K Street, N.W.
Washington, DC  20006
TEL: 202.719.7000
FAX: 202.719.7049

August 22, 2006

**Attorneys for the Washington Legal Foundation**

The Washington Legal Foundation ("WLF"), by and through its undersigned counsel, hereby moves this Court for leave to file the accompanying Amicus Curiae Memorandum of the Washington Legal Foundation in Support of Plaintiffs' Motion for Summary Judgment in the above-captioned matter. A copy of the proposed Amicus Curiae Memorandum is attached.

Pursuant to Local Civil Rule 7(m), counsel for WLF has discussed this Motion with counsel for Plaintiffs and Defendants. Plaintiffs' counsel has consented to the filing of WLF's Amicus Curiae Memorandum. Counsel for Defendants does not object to the amicus filing provided that (1) Defendants have an opportunity to file a short separate response to the amicus by September 22, 2006, (the date currently set in the briefing schedule for Plaintiffs to file their Reply in Support of their Motion for Summary Judgment and Opposition to Defendants' (forthcoming) Motion for Summary Judgment) or (2) Defendants are allowed to file a Reply brief to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, in which case, their response to WLF's Amicus Curiae Memorandum will be incorporated in that submission. Plaintiffs' counsel does not oppose providing Defendants a separate response to the amicus brief (the first option), but opposes Defendants being permitted a reply brief in support of their cross motion (the second option).

WLF is a national, non-profit public interest law and policy center, based in Washington, D.C., with supporters nationwide. WLF has devoted substantial resources to litigating constitutional and statutory cases over the last 29 years in support of the free enterprise system and in opposition to unlawful and excessive government regulation of businesses because of the harmful impacts such actions have on American businesses, workers, and consumers, as well as the economy as a whole. In particular, WLF has appeared as amicus curiae in numerous such cases in the Supreme Court and lower federal courts (including this Court) raising important

constitutional separation of powers and statutory questions. *See, e.g.*, *Whitman v. Am. Trucking Assn's, Inc.*, 531 U.S. 457 (2001) (arguing certain provisions of the Clean Air Act violate the non-delegation doctrine); *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120 (2000) (arguing that the FDA lacked the authority to regulate tobacco products); *Plaut v. Spendthrift Farms, Inc.*, 514 U.S. 211 (1995) (separation of powers between legislative and judicial branches); *Boeing Co. v. United States ex rel. Kelly*, 510 U.S. 1140 (1994) (*cert. denied*) (arguing False Claims Act private relator provision violates Article II Appointments Clause).

With regard to securities law and regulation, WLF has instituted an Investor Protection Program designed to ensure that shareholders' interests are protected in the judicial and regulatory process. For example, WLF opposes abusive securities class action cases, *Dura Pharmaceuticals v. Broudo*, 544 U.S. 336 (2005), and has supported recommendations to relieve smaller public companies from the regulatory burden of Section 404 of the Sarbanes-Oxley Act because the prohibitive costs of compliance decrease profitability and the share value of such companies. *See* WLF Comments to SEC's Advisory Committee on Smaller Public Companies (Apr. 3, 2006).

In addition, WLF's Legal Studies Division publishes and distributes policy papers addressing the negative effects of Sarbanes-Oxley on businesses and the economy. *See, e.g.*, David A. Kotler, *Sarbanes-Oxley's Impact On State Corporate Governance*, WLF Legal Opinion Letter, Vol. 13, No. 16 (July 25, 2003); Steven M. Salky and Adam L. Rosman, *Is Sarbanes-Oxley Vulnerable To Constitutional Challenge?*, WLF Legal Backgrounder, Vol. 19, No. 29 (Sept. 17, 2004); Bob Merritt, *The Sarbanes-Oxley Act: A Personal View*, WLF Legal Opinion Letter, Vol. 15, No. 21 (Oct. 21, 2005).

In the instant case, Plaintiffs have filed a challenge to the Public Company Accounting Oversight Board ("PCAOB"), a putative private organization with far-reaching regulatory powers over public accountants and public companies created by Congress when it enacted the Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley"). This case raises important public interest issues, the resolution of which will greatly affect the regulated community and the economy as a whole.

Defendants filed a motion to dismiss the suit arguing that the case should be dismissed for jurisdictional reasons, and it initially appeared that this Court would first address those jurisdictional issues before entertaining motions on the merits. However, at the Court's prompting, Plaintiffs have recently elected to file a Motion for Summary Judgment on the merits. Defendants' opposition to that motion is currently due September 1, 2006, along with any cross-motion for summary judgment.

In support of their Motion for Summary Judgment, Plaintiffs argue that granting Executive powers to the PCAOB, while placing the appointment and removal of its members with the Securities and Exchange Commission, violates the separation of powers as well as the Appointments Clause of Article II. In addition, Plaintiffs argue that, via Sarbanes-Oxley, Congress unconstitutionally delegated its legislative duties to the PCAOB, including the power to tax and define criminal conduct. WLF devotes its attention to the latter issue, and its proposed Amicus Curiae Memorandum provides the Court with additional authority and analysis, including a discussion of the PCAOB's impact on American business more generally, that will assist the Court in resolving that important issue. Accordingly, although WLF supports Plaintiffs' constitutional claims, it will focus on the nondelegation issue.

District courts have "broad inherent authority to permit or deny an appearance as amicus curiae in a given case." *Mausolf v. Babbitt*, 158 F.R.D. 143, 148 (D. Mich. 1994). And WLF seeks to fulfill "the classic role of amicus curiae by assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration." *Miller-Wohl Co. v. Commissioner of Labor and Indus.*, 694 F.2d 203, 204 (9th Cir. 1982). Moreover, courts encourage amicus curiae memoranda because they "focus the court's attention on the broader implications of various possible rulings." Robert L. Stern *et al.*, *Supreme Court Practice* § 13.13, at 562 (7th ed. 1993) (quoting Bruce Ennis, *Effective Amicus Briefs*, 33 Cath. U. L. Rev. 603, 608 (1984)). As discussed, the proposed Amicus Curiae Memorandum provides the Court with additional authority and argument to assist it in resolving the delegation doctrine issue before the Court. The submission is timely because Defendants will have at least ten days to address the proposed Amicus Curiae Memorandum in their forthcoming submissions on September 1, 2006, and oral argument on the motions has not been scheduled.

Accordingly, WLF seeks leave to file the attached Amicus Curiae Memorandum to present its views to the Court on the lawfulness of Sarbanes-Oxley and the Public Company Accounting Oversight Board; the impact of both on American enterprise; and the importance of preserving the Constitution's structural integrity.

**WHEREFORE**, WLF respectfully requests that this Court grant leave to file the attached Amicus Curiae Memorandum of the Washington Legal Foundation in Support of Plaintiffs' Motion for Summary Judgment in this matter.

Respectfully submitted,

WILEY REIN & FIELDING LLP

Dated: August 22, 2006

| | |
|---|---|
| Daniel J. Popeo (DC Bar 934711) | By: /s/ Kathryn Comerford Todd |
| Paul D. Kamenar (DC Bar 914200) | Kathryn Comerford Todd (DC Bar 477745) |
| Washington Legal Foundation | (*Counsel of Record*) |
| 2009 Massachusetts Avenue, NW | Thomas R. McCarthy (DC Bar 489651) |
| Washington, DC 20036 | William S. Consovoy (DC Bar 493423) |
| TEL: 202.588.0302 | Wiley Rein & Fielding LLP |
| FAX: 202.588.0386 | 1776 K Street NW |
| | Washington, DC 20006 |
| | TEL: 202.719.7000 |
| | FAX: 202.719.7049 |

*Attorneys for the Washington Legal Foundation*

5