IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREE ENTERPRISE FUND, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. A. No. 06-217 (JR) |
| ) | |
| THE PUBLIC COMPANY ACCOUNTING ) | |
| OVERSIGHT BOARD, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**UNOPPOSED MOTION BY THE UNITED STATES
TO INTERVENE PURSUANT TO 28 U.S.C. § 2403**

Pursuant to 28 U.S.C. § 2403(a) and Fed. R. Civ. P. 24, the United States respectfully requests leave to intervene in this action for the purpose of defending the constitutionality of the portions of the Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745, challenged by plaintiffs. Defendants and plaintiffs, through their respective counsel, have indicated to undersigned counsel that they will not oppose this motion.

This case challenges the constitutionality of the portions of the Sarbanes-Oxley Act that create and empower the Public Company Accounting Oversight Board ("PCAOB"). Plaintiffs challenge the constitutionality of Title I of the Sarbanes-Oxley Act on the grounds that the PCAOB and its actions violate the separation of powers, the Appointments Clause, and the non-delegation doctrine. Plaintiffs seek a declaratory judgment of unconstitutionality as well as injunctive relief prohibiting the PCAOB from functioning generally and from taking "any further action" against them. The United States has an interest in defending the constitutionality of the statute. 28 U.S.C. § 2403(a) gives the United States an automatic right to intervene to defend the constitutionality of an Act of Congress affecting the public interest; therefore, the United States

may intervene as of right under Fed. R. Civ. P. 24(a)(1). Additionally, the United States meets the requirements for intervention as of right under Fed. R. Civ. P. 24(a)(2) and/or for permissive intervention under Fed. R. Civ. 24(b)(2).

As an intervenor, the United States intends to file an opposition to plaintiffs' summary judgment motion and cross-motion for summary judgment. These documents, along with the appropriate supporting papers and a motion to conform the briefing schedule for the United States' cross-motion to the existing briefing schedule governing the parties' motions, are being lodged with the Court as exhibits to this motion to intervene.

**ARGUMENT**

I. **THE UNITED STATES HAS A STATUTORY RIGHT TO INTERVENE UNDER 28 U.S.C. § 2403(a)**

Under 28 U.S.C. § 2403(a), Congress has granted the United States an unconditional right to intervene in cases challenging the constitutionality of an Act of Congress. This statute provides:

> [i]n any action, suit or proceeding . . . to which the United States or any agency, officer or employee thereof is not a party, wherein the constitutionality of an Act of Congress affecting the public interest is drawn into question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

28 U.S.C. § 2403(a). This statutory right is effectuated through Fed. R. Civ. P. 24(a)(1), which provides in pertinent part that "[u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene . . . ." See also Heckler v. Edwards, 465 U.S. 870, 882-83 & n.18 (1984); International

Ladies' Garment Workers' Union v. Donelly Garment Co., 304 U.S. 243, 249 (1938) (per curiam) (discussing predecessor statute to 28 U.S.C. § 2403); see generally 7C Charles A. Wright, Arthur B. Miller, Mary K. Kane, Federal Practice & Procedure, § 1906, at 243-44 (2d ed. 1986) (calling 28 U.S.C. § 2403 "[t]he most important" statute conferring an unconditional right to intervene).

Plaintiffs have challenged the constitutionality of Title I of the Sarbanes-Oxley Act, which plainly is a statute affecting the public interest. See, e.g., S. Rep. No. 107-205, at 2 (purpose of legislation was "to address the systemic and structural weaknesses affecting our capital markets"). Indeed, plaintiffs have emphasized that their claims "consist solely" of constitutional challenges to the statute. Plaintiffs' Memorandum of Points & Authorities in Opposition to Defendants' Motion to Dismiss (dkt. no. 20) at 19. Accordingly, the United States should be permitted to intervene in this action to present argument on the question of the constitutionality of the statute.

## II.   THE UNITED STATES HAS A RIGHT TO INTERVENE UNDER FED. R. CIV. P. 24(a)(2)

Even independent of its statutory right under 28 U.S.C. § 2403, the United States also has a right to intervene in this action under Fed. R. Civ. P. 24(a)(2). Drawing directly from the language of the Rule, the D.C. Circuit has held that "qualification for intervention as of right depends on the following four factors: (1) the timeliness of the motion; (2) whether the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is adequately represented by existing parties." Fund for Animals, Inc. v. Norton, 322

F.3d 728, 731 (D.C. Cir. 2003) (internal quotation marks omitted).  These criteria "traditionally receive[] liberal construction in favor of applicants for intervention."  Id.; see also 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1904 (2d ed. 1986).

The United States meets all of the requirements for intervention under Rule 24(a)(2).  First, with respect to timeliness, the United States is filing this motion during a time period when dispositive motions are being briefed by the parties, and is lodging herewith a motion to conform the briefing schedule for its cross-motion to the briefing schedule that already governs the parties' existing motions.  Thus, the United States' intervention will not cause any undue delay or disrupt any existing schedule in this litigation.[1]  Second, the United States has a significant interest in the constitutionality of the Sarbanes-Oxley Act, which is the sole subject of this action.  Third, a ruling by the Court that the Sarbanes-Oxley Act or any portion of it is unconstitutional would "impair or impede" the interests of the government in the administration of a regulatory statute that is an integral component of the Nation's securities laws.  Fourth, the United States' particular interests in the subject matter of this lawsuit are not represented by the existing parties.[2]

---

[1] Although the United States previously filed a Statement of Interest (dkt. no. 19) and appeared at oral argument, the United States did not move to intervene earlier in the litigation because the constitutionality of the statute was not then ripe for adjudication.  Rather, the Court had adopted the bifurcated briefing sequence proposed by defendants, under which the merits issues would be briefed only if and after the Court denied defendants' motion to dismiss on threshold jurisdictional and procedural grounds (dkt. no. 16).

[2] In the alternative, the United States also satisfies the criteria for permissive intervention under Fed. R. Civ. P. 24(b)(2).  Cf. Nuesse v. Camp, 385 F.2d 694, 706 (D.C. Cir. 1967) (permissive intervention liberally granted to public officials seeking to assert public interest); see also SEC v. United States Realty & Improvement Co., 310 U.S. 434, 459-60 (1940).  Rule 24(b) provides in pertinent part that, upon timely application, an applicant may be permitted to intervene in an action "when [the] applicant's claim or defense and the main action have a

## CONCLUSION

For all the foregoing reasons, we respectfully request that the United States' motion to intervene be granted, and that the Court order that the United States' motion for summary judgment, its memorandum in opposition to plaintiffs' motion for summary judgment and in support of its cross-motion for summary judgment, and its motion to conform briefing schedule, each lodged as exhibits to this motion, be deemed filed with the Court.

Dated: September 1, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

SUSAN K. RUDY
Assistant Director
Federal Programs Branch

 /s/ Robert J. Katerberg
ROBERT J. KATERBERG (D.C. Bar No. 466325)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 6112
Washington, D.C. 20001
Telephone:    (202) 616-8298
Facsimile:    (202) 616-8460
Robert.Katerberg@usdoj.gov

---

question of law or fact in common." Fed. R. Civ. P. 24(b). Here, the United States seeks to intervene to defend the constitutionality of Title I of the Sarbanes-Oxley Act, which appears to be the only issue in this case. Intervention is particularly appropriate because the United States has a substantial interest in defending the constitutionality and application of its laws and because its participation would assist the Court in considering the constitutional questions. Intervention also would not prejudice the adjudication of the rights of any party or hamper the ability of the parties to litigate this case.

Attorneys for the United States