**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                               )
FREE ENTERPRISE FUND *et al.*,            )
                                                               )
                         Plaintiffs,            )
                                                               )
       v.                                                )    Case No. 1:06CV00217-JR
                                                               )
THE PUBLIC COMPANY ACCOUNTING )
OVERSIGHT BOARD *et al.*,                     )
                                                               )
                         Defendants.         )
_____)

**PLAINTIFFS' STATEMENT IN RESPONSE TO DEFENDANTS'
STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

      Pursuant to Local Civil Rules 7(h) and 56.1 of the Rules of the United States District Court for the District of Columbia, Plaintiffs submit this Statement in Response to Defendants' Statement of Material Facts Not in Genuine Dispute. Plaintiffs agree with Defendants and the United States that Plaintiffs' motion for summary judgment and Defendants' and the United States' cross-motions for summary judgment all turn on purely legal issues, such that there are no material facts as to which there exists a genuine issue necessary to be litigated.

      Defendants' statement comprises contentions as to the meaning and legal effect of various provisions of the Sarbanes-Oxley Act. These contentions constitute legal conclusions, not issues of fact, and therefore do not require a response. In addition, Plaintiffs disagree with Defendants' selective quotation from, and mischaracterizations of, the statute. The statute speaks for itself, and Plaintiffs respectfully refer the Court to the statute for its full and complete meaning.

To the extent Defendants' statement does contain factual assertions, Plaintiffs responds as follows:

1. Plaintiffs do not dispute the facts cited in ¶ 1.

2. Paragraph 2 constitutes a description of the statute that does not require a response. The statute speaks for itself, and Plaintiffs respectfully refer the Court to the statute for its full and complete meaning.

3. Plaintiffs do not dispute the facts cited in ¶ 3, except that Plaintiffs note that the SEC's Chairman does not have the power to appoint PCAOB members and the SEC Chairman's vote was heavily influenced by the participation of other SEC Commissioners in the selection process. *See* Government Accountability Office, *Securities and Exchange Commission, Actions Needed to Improve Public Company Accounting Oversight Board Selection Process* 9 (Dec. 2002), *available at* http://www.gao.gov/new.items/d03339.pdf. To the extent ¶ 3 contains a description of the statute, it does not require a response. The statute speaks for itself, and Plaintiffs respectfully refer the Court to the statute for its full and complete meaning.

4. Plaintiffs do not dispute the facts cited in ¶ 4. To the extent ¶ 4 contains a description of the statute, it does not require a response. The statute speaks for itself, and Plaintiffs respectfully refer the Court to the statute for its full and complete meaning.

5. Plaintiffs do not dispute the facts cited in ¶ 5. To the extent ¶ 5 contains a description of the statute, it does not require a response. The statute speaks for itself, and Plaintiffs respectfully refer the Court to the statute for its full and complete meaning.

6. Plaintiffs do not dispute the facts cited in ¶ 6, but dispute Defendants' use of vague adjectives (*e.g.*, "detailed") to characterize the facts cited in ¶ 6. To the extent ¶ 6 contains a

description of the statute, it does not require a response. The statute speaks for itself, and Plaintiffs respectfully refer the Court to the statute for its full and complete meaning.

7. Paragraph 7 constitutes a description of the statute that does not require a response. The statute speaks for itself, and Plaintiffs respectfully refer the Court to the statute for its full and complete meaning.

8. Paragraph 8 constitutes a description of the statute that does not require a response. The statute speaks for itself, and Plaintiffs respectfully refer the Court to the statute for its full and complete meaning. Plaintiffs note that Defendants misleadingly quote seleceted provisions of the statute relating to the SEC's authority, which, in full, imposes onerous constraints on the SEC's oversight authority.

9. Paragraph 9 constitutes a description of the statute that does not require a response. The statute speaks for itself, and Plaintiffs respectfully refer the Court to the statute for its full and complete meaning.

10. Paragraph 10 constitutes a description of the statute that does not require a response. The statute speaks for itself, and Plaintiffs respectfully refer the Court to the statute for its full and complete meaning.

11. Plaintiffs do not dispute the facts cited in ¶ 11, but dispute Defendants' use of vague adjectives (*e.g.*, "overwhelming") to characterize the facts cited in ¶ 11.

12. Paragraph 12 constitutes a description of the statute that does not require a response. The statute speaks for itself, and Plaintiffs respectfully refer the Court to the statute for its full and complete meaning. Plaintiffs note that Defendants misleadingly quote selected provisions of the statute relating to the SEC's authority without also citing the restrictions that the statute imposes on the exercise of that authority.

13. Paragraph 13 constitutes a description of the statute that does not require a response. The statute speaks for itself, and Plaintiffs respectfully refer the Court to the statute for its full and complete meaning. Plaintiffs note that Defendants misleadingly quote Section 107(b)(4)(A) of the Act, which requires the SEC to approve Board rules and standards upon a finding that they are "consistent with the requirements of title I of the Sarbanes-Oxley Act of 2002, and the rules and regulations issued thereunder applicable to such organization, or as necessary and appropriate in the public interest or for the protection of investors." SOX § 107(b)(4)(A), 15 U.S.C. § 7217(b)(4)(A).

14. Plaintiffs do not dispute the facts cited in ¶ 14, but dispute Defendants' use of vague adjectives (*e.g.*, "numerous," "limited," and "sometimes") to characterize the facts cited in ¶ 14. To the extent ¶ 14 contains a description of SEC orders or their legal effect, it does not require a response. The orders speak for themselves, and the statute speaks for itself with respect to the legal effect of those orders. Plaintiffs respectfully refer the Court to the orders for their full and complete meaning and to the statue for its full and complete meaning.

15. Paragraph 15 constitutes a description of the statute and SEC orders that do not require a response. The statute and orders speaks for themselves, and Plaintiffs respectfully refer the Court to the statute and orders for their full and complete meaning. Plaintiffs note that Defendants misleadingly quote selected provisions of the statute relating to the SEC's authority, which, in full, imposes onerous constraints on the SEC's oversight authority.

16. Paragraph 16 constitutes a description of the statute that does not require a response. The statute speaks for itself, and Plaintiffs respectfully refer the Court to the statute for its full and complete meaning. Plaintiffs note that Defendants misleadingly quote selected provisions of

the statute relating to the SEC's authority, which, in full, imposes onerous constraints on the SEC's oversight authority.

17. Paragraph 17 constitutes a description of the statute that does not require a response. The statute speaks for itself, and Plaintiffs respectfully refer the Court to the statute for its full and complete meaning. Plaintiffs note that Defendants misleadingly quote selected provisions of the statute relating to the SEC's authority, which, in full, imposes onerous constraints on the SEC's oversight authority.

18. Paragraph 18 constitutes a description of the statute that does not require a response. The statute speaks for itself, and Plaintiffs respectfully refer the Court to the statute for its full and complete meaning. Plaintiffs note that Defendants misleadingly quote selected provisions of the statute relating to the SEC's authority, which, in full, imposes onerous constraints on the SEC's oversight authority.

19. Plaintiffs do not dispute the facts cited in ¶ 19.

20. Plaintiffs do not dispute the facts cited in ¶ 20.

21. Plaintiffs do not dispute the facts cited in ¶ 21.

22. Plaintiffs do not dispute the facts cited in ¶ 22.

23. Plaintiffs do not dispute the facts cited in the first sentence of ¶ 23. With respect to the second and third sentences of ¶ 23, Plaintiffs note that in response to Defendants' cross-motion for summary judgment, Plaintiffs have submitted, pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, evidence establishing both that members of the Free Enterprise Fund ("FEF") have been injured by the Board and the Act and that this lawsuit is germane to the FEF's organziational purposes. Specifically, the accompanying declaration of James Terry, the Executive Director of the Free Enterprise Fund, establishes that:

(i)      FEF is a membership organization whose purpose is to promote economic growth through, among other things, lower taxes and limits on government regulation of private business.  *See* Terry Decl. ¶ 2.

(ii)      FEF filed this lawsuit to advance that organizational purpose.  *Id.*

(iii)      Because FEF at times takes politically unpopular positions, FEF's general policy is not to disclose the identities of its members in order to protect those members from economic or governmental reprisal.  *Id.* ¶ 3.

(iv)      FEF's members include companies that the PCAOB has identified as being subject to, and having paid, the PCAOB's accounting support fee, *see* PCAOB, *List of Issuers with No Outstanding Past-Due Share*, http://www.pcaob.org/Support_Fees/Issuers_Paid.pdf (last visited September 21, 2006), and being subject to the regulatory authority of, and having registered with, the PCAOB, *see* PCAOB, *Registered Public Accounting Firms*, http://www.pcaob.org/Registration/Registered_Firms.pdf (last visited September 21, 2006).  *See* Terry Decl. ¶ 4.

(v)      Plaintiff Beckstead & Watts, LLP, is a member of FEF.  *Id.* ¶ 5.

Dated: September 22, 2006            Respectfully submitted,

   /s/

| | |
|---|---|
| Viet D. Dinh (D.C. Bar No. 456608) | Michael A. Carvin (D.C. Bar No. 366784) |
| Wendy Keefer | Noel J. Francisco (D.C. Bar No. 464752) |
| BANCROFT ASSOCIATES PLLC | Christian G. Vergonis (D.C. Bar No. 483293) |
| 601 13th St., N.W. | JONES DAY |
| Suite No. 930 South | 51 Louisiana Avenue, N.W. |
| Washington, D.C. 20005 | Washington, D.C. 20001-2113 |
| (202) 234-0090 | (202) 879-3939 |
| (202) 234-2806 (fax) | (202) 626-1700 (fax) |
| | |
| Sam Kazman (D.C. Bar No. 946376) | Kenneth W. Starr (D.C. Bar No. 273425) |
| Hans Bader (D.C. Bar No. 466545) | 24569 Via De Casa |
| Competitive Enterprise Institute | Malibu, CA 90265 |
| 1001 Connecticut Avenue, N.W. | (310) 506-4621 |
| Suite 1250 | |
| Washington, D.C. 20036 | *Attorneys for Plaintiffs Free Enterprise Fund* |
| (202) 331-1010 (fax) | *and Beckstead and Watts, LLP* |