**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
FREE ENTERPRISE FUND *et al.*,          )
                                        )
                    Plaintiffs,         )
                                        )
        v.                              )        Case No. 1:06CV00217-JR
                                        )
THE PUBLIC COMPANY ACCOUNTING           )
OVERSIGHT BOARD *et al.*,               )
                                        )
                    Defendants.         )
_____)

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND IN
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Free Enterprise Fund and Beckstead and Watts, LLP, hereby provide notice of

authority in support of their motion for summary judgment that was unavailable when plaintiffs

filed their Combined Reply Memorandum in Support of Their Motion for Summary Judgment

and Memorandum in Opposition to Defendants' and the United States' Cross-Motions for

Summary Judgment on September 22, 2002. On or about October 13, 2006, the Securities and

Exchange Commission (SEC) made available on its website the text of remarks made by SEC

Commissioner Paul S. Atkins before the Federalist Society on September 21, 2006. (A copy of

this text is attached hereto as Exhibit A.) In his remarks, Commissioner Atkins made a number

of statements that support Plaintiffs' position that the SEC lacks effective oversight over the

PCAOB's regulatory activity. For example, Commissioner Atkins stated that former PCAOB

Chairman McDonough insisted that the relationship between the SEC and the PCAOB be viewed

as "that of cousins" rather than "that of . . . parent and child." Ex. A at 4.

Most significantly, Commissioner Atkins warned of the lack of SEC oversight of PCAOB staff interpretations and guidances, which the PCAOB issues without formal procedures, public input or SEC review.  Commissioner Atkins cited, as one example of such guidance, a recently issued "staff audit practice alert pertaining to accounting for options grants," in which the PCAOB "attempted to weigh in on the legality of options granting practices, a matter clearly outside the purview of the PCAOB."  Ex. A at 4.  (A copy of this staff audit practice alert is attached hereto as Exhibit B.)

Other examples of PCAOB guidances issued without formal SEC approval include a "Policy Statement Regarding Implementation of Auditing Standard No. 2," the principal rule governing the conduct of audits.  (A copy of this Policy Statement is attached hereto as Exhibit C.)  This Policy Statement is based on "auditing practices observed [by the PCAOB] in the first year of implementation," Ex. C at 1, and "expresses the [PCAOB's] view that, to properly plan and perform an effective audit under Auditing Standard No. 2, auditors should" take a number of steps, including, for example, "integrat[ing] their audits of internal control with their audits of the client's financial statements," and "us[ing] a top-down approach that begins with company-level controls," *id.* at 2.  Although this Policy Statement was not subjected to formal SEC review before (or after) going into effect, the PCAOB has indicated that it expects auditors to comply with it:  "[w]hen we review audits that do not apply the approaches described above, we will expect auditors to justify their decisions and to be able to explain how the audit plan nevertheless met the objectives of the standard."  *Id.* at 13.

Finally, the PCAOB has also issued, without SEC involvement, numerous "Staff Questions and Answers" providing interpretive guidance of the PCAOB's auditing standards.  (Copies of Staff Questions and Answers dated October 17, 2006, are attached hereto as

- 3 -

Exhibit D.  A complete set of Staff Questions and Answers is available on the PCAOB's website

at http://www.pcaobus.org/Standards/Staff_Questions_and_Answers/index.aspx.)

Dated:  November 6, 2006                                Respectfully submitted,


      /s/ _____

Viet D. Dinh (D.C. Bar No. 456608)          Michael A. Carvin (D.C. Bar No. 366784)
BANCROFT ASSOCIATES PLLC            Noel J. Francisco (D.C. Bar No. 464752)
601 13th St., N.W.                                   Christian G. Vergonis (D.C. Bar No. 483293)
Suite No. 930 South                                 JONES DAY
Washington, D.C. 20005                          51 Louisiana Avenue, N.W.
(202) 234-0090                                        Washington, D.C.  20001-2113
(202) 234-2806 (fax)                               (202) 879-3939
                                                               (202) 626-1700 (fax)
Sam Kazman (D.C. Bar No. 946376)
Hans Bader (D.C. Bar No. 466545)           Kenneth W. Starr (D.C. Bar No. 273425)
Competitive Enterprise Institute                24569 Via De Casa
1001 Connecticut Avenue, N.W.                Malibu, CA 90265
Suite 1250                                               (310) 506-4621
Washington, D.C. 20036
(202) 331-1010 (fax)                               *Attorneys for Plaintiffs Free Enterprise Fund
                                                               and Beckstead and Watts, LLP*