FILED
FEB 23 2011
Clerk, U.S. District and Bankruptcy Courts

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FREE ENTERPRISE FUND and BECKSTEAD AND WATTS, LLP,

*Plaintiffs*,

-against-

PUBLIC COMPANY ACCOUNTING OVERSIGHT BOARD, BILL GRADISON, DANIEL L. GOELZER, and CHARLES D. NIEMEIER,

*Defendants*,

-and-

UNITED STATES OF AMERICA,

*Intervenor*.

Civil Action No. 1:06-cv-00217-RMU
Judge Ricardo M. Urbina

**JUDGMENT**

This matter having been remanded to this Court for further proceedings by the United States Court of Appeals for the District of Columbia Circuit, following a remand from the United States Supreme Court, which affirmed in part and reversed in part the court of appeals' prior judgment affirming this Court's prior decision,

NOW, on this 23 day of February, 2011, for the reasons stated in the opinion of the Supreme Court and, to the extent not inconsistent therewith, the prior decisions of the court of appeals and of this Court, it is hereby ORDERED, ADJUDGED, DECLARED, and DECREED that:

1. This Court's memorandum opinion of March 21, 2007 (docket #57) and judgment of March 26, 2007 (docket #59) are hereby VACATED.

2. The motion for summary judgment of plaintiffs Free Enterprise Fund and Beckstead and Watts, LLP, is GRANTED IN PART and DENIED IN PART as set forth herein.

3. The motion for summary judgment of defendants Public Company Accounting Oversight Board, Bill Gradison, Daniel L. Goelzer, and Charles D. Niemeier; and the motion for summary judgment of intervenor United States of America; are GRANTED IN PART and DENIED IN PART as set forth herein.

4. The Court hereby DECLARES that:

a. The portions of Sections 101(e)(6) and 107(d)(3) of the Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley"), Pub. L. No. 107-204, 116 Stat. 745, that restrict the authority of the Securities and Exchange Commission ("SEC") to remove members of the Public Company Accounting Oversight Board ("Board") are unconstitutional on the ground that they violate separation-of-powers principles;

b. The portions of Sections 101(e)(6) and 107(d)(3) of Sarbanes-Oxley that restrict the SEC's authority to remove Board members are severable from the remainder of the statute, as follows:

i. The words "in accordance with section 107(d)(3), for good cause shown" in Section 101(e)(6) of Sarbanes-Oxley (and the words "in accordance with section 7217(d)(3) of this title, for good cause shown" in 15 U.S.C. § 7211(e)(6)) are null and void and have been severed from the statute;

ii. The words "remove from office or" in Section 107(d)(3) of Sarbanes-Oxley and 15 U.S.C. § 7217(d)(3) are null and void and have been severed from the statute;

c. Sarbanes-Oxley does not violate the Appointments Clause, U.S. Const. art. II, § 2, on any of the grounds plaintiffs allege;

d. Sarbanes-Oxley does not violate the non-delegation doctrine by impermissibly delegating legislative authority to the Board.

5. All relief not specifically granted by this judgment is hereby DENIED.

6. Each side shall bear its own costs and fees.

SO ORDERED.

Ricardo M. Urbina
United States District Judge